The Florsheim Shoe Company, Division of Interco, Inc.,
plaintiff *v.* United States, defendant

Court No. 82-4-00484

Before Bernard Newman, *Judge.*

(Dated December 30, 1982)

*Baker & McKenzie* (*William D. Outman, II* and *Munford Page Hall, II,* Esqs., of counsel) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General (*Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, and *Michael P. Maxwell, Esq.*), for the defendant.

Bernard Newman, *Judge:* In this action, plaintiff challenges the denial by Customs of duty-free treatment under the Generalized System of Preferences for certain importations of leather from India.

On August 9, 1982 issue was joined. Defendant's answer raised the defense that the Presidential actions challenged in plaintiff's complaint were unreviewable, and that plaintiff's complaint failed to state a cognizable claim. On October 14, 1982 plaintiff served defendant with interrogatories and a request for production of documents, and further requested the Government's responses to this discovery within thirty days of service. Consequently, the Government's responses were due on or before November 18, 1982. Prior to that date, the Government filed a motion to dismiss on November 10, 1982 and simultaneously requested that plaintiff suspend its discovery requests pending resolution of the motion to dismiss. Subsequently, on November 17, 1982 counsel for plaintiff informed the Government that plaintiff desired to proceed with discovery.

Presently before the Court are: (1) defendant's motion for an order extending defendant's time to respond to plaintiff's interrogatories and request for production until thirty days from the entry of an order adjudicating defendant's pending motion to dismiss; (2) plaintiff's opposition to defendant's motion, and plaintiff's cross-motion for an extension of time within which plaintiff may respond to defendant's motion to dismiss until thirty days after defendant responds to plaintiff's outstanding discovery requests; and (3) defendant's opposition to plaintiff's cross-motion.

I have carefully reviewed the memoranda in support of defendant's pending motion, and of plaintiff's pending cross-motion for extensions of time arising out of defendant's motion to dismiss and plaintiff's discovery request. Several aspects of these matters remain unclear, particularly as to whether there are issues of fact.

In essence, the focal point of dispute respecting plaintiff's proposed discovery concerns: whether the issues raised by the motion

to dismiss (viz, plaintiff's lack of standing; the complaint's failure to state a claim; and the scope of review for the Presidential action complained of) rest on factual averments which might be controverted. Obviously, if defendant's motion to dismiss solely raises questions of law, then discovery of factual matter is unnecessary. Defendant asserts, "these issues are ones of law and discovery by plaintiff is not necessary to their response". Plaintiff, however, insists that the issues raised by defendant involve questions of fact as well as of law which must be determined before the Court can decide whether the action should be dismissed.

Unfortunately, plaintiff's theories relative to the threshold issues raised by the motion to dismiss are not apparent from plaintiff's current papers, nor as to the predicate for plaintiff's assertion of factual issues respecting defendant's motion. What is more, since for the purpose of the Government's motion to dismiss, all the allegations of plaintiff's complaint are deemed true, the crucial question arises as to how the proposed discovery can benefit plaintiff at this juncture.

In sum, the Court must decide whether plaintiff's response to defendant's motion to dismiss should be deferred until after completion of plaintiff's proposed discovery; and conversely, whether plaintiff's discovery should be deferred until after an adjudication of defendant's motion to dismiss. In sports parlance: who goes first?

Under all the circumstances, I have concluded that before ruling on the pending motions, an informal conference with counsel for the parties would be helpful to the Court and to the parties in resolving whether plaintiff's proposed discovery (including seven pages of interrogatories) is warranted at this juncture in light of the issues raised by defendant's motion to dismiss.

Accordingly, it is hereby ORDERED:

Counsel for the parties are directed to appear for an early discovery conference in Chambers at 11:00 A.M. on the fifth day of January, 1983—a date mutually agreeable to the Court and the parties.